IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WESLEY DAVID TODD**                                                                                    **PETITIONER**

v.                                                         CIVIL ACTION NO.: 3:21-cv-330-KHJ-MTP

**WARDEN S. REISER**                                                                                   **RESPONDENT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition [1] be denied.

**BACKGROUND**

Petitioner Todd was serving a 60-month sentence for importing heroin into the United States. *See* [1] at 1; [11-1] at 2. At the time of the events alleged in his Petition [1], Todd was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"). *See* [1] at 1. He has since been released.[1]

On December 10, 2019, Unit Manager Ellis prepared an incident report charging Todd with "Disruptive Conduct Most Like Threatening" in violation of the Bureau of Prisons Disciplinary Code 299 ML 203. *See* [11-2] at 2. According to the report, Petitioner told three staff members that they were corrupt and that he was going to ensure they were arrested and incarcerated while pointing "rolled paper" at them. *Id.* at 1-2. The incident report also states that Todd made these threats loudly, "in front of the entire [inmate] population." *Id*.

---

[1] *See* Bureau of Prisons Inmate Database, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited May 16, 2020). Plaintiff's address on the docket also indicates that he is no longer in custody.

The incident report was delivered to Todd on December 10, 2019. *Id*. at 1. The matter was investigated and referred to the Unit Disciplinary Committee, and the committee referred the matter to the Disciplinary Hearing Officer due to the severity of the charge. On December 11, 2019, Petitioner received notice of the disciplinary hearing and was advised of his rights at such a hearing. *Id*. On February 17, 2019, an Officer Grider conducted a disciplinary hearing. Officer Grider reviewed the incident report as well as memorandum submitted by two separate staff members who witnessed the event. When asked whether Petitioner admitted or denied committing the prohibited act, Petitioner denied guilt and stated that "[i]t was a misunderstanding." *Id*. at 2.

Based upon the evidence, the hearing officer found that Todd had committed the prohibited act and sanctioned him by disallowing 27 days of good conduct time, placing him in disciplinary segregation for 15 days, and taking away commissary privileges for 6 months. *Id*. at 2.

Todd filed his Petition on May 13, 2021, arguing that he was deprived of due process during this hearing and requesting that the Court "recredit" the 27 days of good conduct time. *See* [1] at 2. Respondent filed a Response [11] arguing that the Petition [1] should be dismissed.[2] Petitioner filed his Reply [12] and this matter is now ripe for review.

## ANALYSIS

It appears that the Petition [1] may be moot as the Bureau of Prisons Inmate Database shows that Petitioner was released on February 15, 2022, and Petitioner's address no longer

---

[2] In addition to addressing the merits, Respondent argued that Todd did not exhaust his administrative remedies for his due process claim. *See* [11] at 3-4. Todd challenges this assertion and claims that staff at FCC Yazoo City refused to provide him a carbon paper form to perfect his administrative appeal. *See* [2]. However, as Todd's Petitioner appears to be moot and fails on the merits, the undersigned will not address this argument in this Report and Recommendation.

2

reflects that he is in federal custody.[3] However, as Todd could still be serving a term of supervised release, the undersigned will review the merits of the Petition.[4]

The undersigned finds that Todd received due process during the hearing that resulted in the loss of good time credits. Federal prisoners have a liberty interest in their accumulated good-conduct time, and the disallowance of good time credits, which will result in an inmate's confinement being extended, requires due process. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Supreme Court held that due process is satisfied when the inmate receives a finding from an impartial decision maker and is given (1) at least 24 hours advance written notice of the charges; (2) an opportunity to present documentary evidence and testimony from witnesses; (3) assistance at the hearing if needed; and (4) a written statement of the evidence relied on and the reason for the disciplinary action. *Wolff,* 418 U.S. at. 564-70. As set forth below, Petitioner received these protections.

Petitioner was provided more than 24 hours' notice of the charge against him, as the incident report was delivered on December 11, 2019, and the hearing was conducted by an impartial decision maker on December 17, 2019. *See* [11-2] at 1. Petitioner was allowed an opportunity to present documentary evidence and testimony from witnesses, though none were

---

[3] *See* n.1; *see Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir.1987) (holding that appeal from denial of section 2241 application based on alleged loss of good time credits was moot because "[t]he main thrust" of [petition] was to be released from confinement, and "[b]ecause [petitioner] was released ... this court [could] no longer provide him with that relief"); *see also Belasco v. Warden,* 156 Fed. Appx. 671, 671 (5th Cir. Dec. 6, 2005) (holding issues raised on appeal relating to calculation of good-time credits mooted by petitioner's release from BOP custody).

[4] *See Johnson v. Pettiford,* 442 F.3d 917, 918 (5th Cir.2006) ("In this case, the possibility that the district court may alter [petitioner's] period of supervised release ..., if it determines that he has served excess prison time, prevents Johnson's petition from being moot.") (citing *Ojo v. INS,* 106 F.3d 680, 681 n. 2 (5th Cir.1997) (holding that petitioner who had completed his prison term and was in his three-year term of supervised release was "in custody" for habeas purposes)).

presented. *Id*. Petitioner was also allowed to have a staff representative during the hearing, though he elected not to do so. *Id*. Finally, Petitioner was provided a written statement of the evidence relied on and the reason for the disciplinary action. *Id*. at 2. Therefore, Petitioner received the required due process during the December 17, 2019 hearing.

To the extent that Todd's claims can be construed as a challenge to the sufficiency of the evidence, the undersigned finds that the requirements of due process were satisfied. In order for a prison disciplinary decision to pass constitutional muster there must be "some evidence" to show that the inmate committed the offense in question. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56. Indeed, even if the evidence is "meager," as long as there is "some evidence" to support the findings of the disciplinary board, its decision must be upheld. *Id*. at 456.

The Fifth Circuit has held that prison officials have "wide latitude in the control and disciplining of inmates" and requires trial courts to strictly scrutinize inmate's claims of retaliation. *Woods v. Smith*, 60 F.3d 1161 at 1166 (5th Cir. 1995). "Mere conclusionary allegations of retaliation" are not enough. *Id*.

Todd asserts generally that he would not have received the disciplinary action if it were not for his attempt at reporting the staff for their "corruption." *See* [2] at 1. However, the hearing officer reviewed the evidence including the incident report, the two memoranda from the other officers present, and Todd's own statements. *See* [11-2] at 2, 4-7. He found that the evidence of the staff members' eyewitness accounts had "greater weight" than Todd's denial, and found

Petitioner guilty of the prohibited act. *Id*. at 2. "Determining the believability of the testimony presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). In this case, there was clearly "some evidence" to support the hearing officer's finding. *See Hill*, 472 U.S. at 456. Accordingly, the hearing officer's decision should not be disturbed.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that the Petition for a Writ of Habeas Corpus [1] be denied and that this matter be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 18th day of May, 2022.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE